# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MAURICE MOVING,**                  Case Number:

    **Plaintiff,**

v.

**FLEETWASH, INC. OF NEW JERSEY,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Maurice Moving, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their Complaint, Plaintiff state as follows:

<u>Parties</u>

2. Plaintiff was employed by Defendant as a manual laborer within the three years immediately preceding this action.

3. Defendant operates a pressure washing company in Hillsborough County, Florida.

## Jurisdiction

4. Defendant is pressure washing enterprise and provides services to its customers in Hillsborough County, Florida.

5. Defendant employed Plaintiff as a manual laborer in Hillsborough County, Florida.

6. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

7. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

8. Plaintiffs were employed by Defendant as a manual laborer.

9. During Plaintiffs' employment with Defendant, Plaintiff received paychecks from Defendant.

10. At all times during Plaintiff's employment, Plaintiff were classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

11. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

12. During the entirety of his employment, Plaintiff worked at least 43 hours per week.

13. Plaintiff was not paid overtime wages for *all* of the hours he worked beyond 40 in a single workweek while employed by Defendant.

14. Plaintiff was not subject to any overtime exemptions.

15. Defendant engaged in an illegal policy of skimming and permitting Plaintiff to work 45 or more hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

16. Defendant did not record all of the time worked by Plaintiff during their employment, which is a direct violation of 29 C.F.R. § 516.

17. Defendant failed to pay Plaintiff at one-and-one-half-times their regular rate for all hours worked beyond 40 in a single workweek.

18. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

19. As a result, Plaintiffs often performed work for Defendant at a rate well below the appropriate premium wage because Plaintiff worked after hours in full view of Defendant's management.

20. As of this date, Plaintiff still has not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

21. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

22. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

23. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved the pressure washing industry and required Plaintiff to regularly travel along interstate highways and byways. Plaintiff regularly pressure

washed parking lots that were intended to be occupied by vehicles traveling to Florida from foreign states.

24. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

25. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

26. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the pressure washing industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

27. At all material times relevant to this action, Plaintiff in his capacity as a laborer, was individually covered by the FLSA. The very essence of Plaintiff's employment, pressure washing parking lots, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

28. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

29. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

30. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

31. However, Plaintiff alleges that they routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

32. Specifically, Defendant suffered and permitted Plaintiff's to work through their lunches while off the clock.

33. Plaintiff was not paid for the time he spent working during his lunches while off the clock.

34. The work performed by Plaintiff while off the clock during lunch was in full view of Defendant and often at Defendant's behest.

35. Plaintiff regularly and routinely worked during his lunch breaks without compensation. Indeed, in any given week, Plaintiff spent approximately 4 hours working during his lunch breaks without pay.

36. Defendant was aware that Plaintiff was working during his lunch breaks, yet Defendant refused, failed, or neglected to pay Plaintiff for the time he spent working during his lunch breaks in a cruel effort to extract free labor from Plaintiff.

37. Plaintiff desired to be compensated for all of the time he spent working, including the time he spent working during his lunch breaks.

38. Defendant engaged in a policy known as "automatic lunch deductions" in which Defendant automatically deducted at least 30 minutes per day from Plaintiff's timesheets to represent an unpaid lunch break.

39. Defendant made no effort to remove or adjust Plaintiff's automatic lunch deduction policy to compensate Plaintiff who regularly worked through his lunch breaks.

40. Instead, Defendant knowingly and willfully continued to deduct time from Plaintiff's timesheets on a daily basis even though Defendant knew Plaintiff regularly worked though his lunch breaks.

41. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

42. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiffs for all hours worked.

## COUNT I – RECOVERY OF OVERTIME WAGES

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42, above.

44. Plaintiff was employed by Defendant and were, at all times, protected by the FLSA.

45. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

46. Plaintiff regularly and routinely worked through his lunches while employed by Defendant and Plaintiff routinely worked more than 40 hours per week and was not always paid at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

47. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

48. Plaintiffs were damaged as a result of Defendant's failure to pay Plaintiffs premium wages for all hours worked beyond 40 in a single workweek.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

50. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 20th day of April, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com